IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN FAHEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-431 |
| | ) | |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| DAVID SACKS, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff Warren Fahey ("Plaintiff"), by and through his counsel, brings this Amended Complaint against David Sacks ("Defendant") on the grounds set forth herein:

## PRELIMINARY STATEMENT

This case arises out of Defendant's campaign of retaliation against Plaintiff, a prison inmate, for bringing grievances against Defendant, an employee in the State Correctional Institute at Greene's psychology department. In retaliation for Plaintiff bringing grievances against Defendant, Defendant issued Plaintiff an unfounded misconduct, which resulted in Plaintiff being forced to spend over seventy days in a restricted housing unit. In addition, the misconduct ultimately resulted in Plaintiff being denied parole. To make matters worse, Defendant has acted with deliberate indifference to Plaintiff's paranoid schizophrenia, for which Plaintiff has required treatment, medication, and special housing since 2003. Defendant has refused to acknowledge Plaintiff's long-established diagnosis of paranoid schizophrenia and has instead accused Plaintiff of falsifying his symptoms in order to receive special treatment. As such, Defendant has denied Plaintiff's request to live in single-cell housing, a request that has

been routinely granted for Plaintiff in the past in order to preserve the safety of Plaintiff and those around him and to prevent Plaintiff's mental condition from deteriorating.

## PARTIES

1. Plaintiff Warren Fahey ("Plaintiff") was at all times relevant to this Amended Complaint incarcerated at the State Correctional Institute at Greene ("SCI Greene").

2. Defendant David Sacks ("Defendant") was an employee in SCI Greene's psychology department and at all relevant times to this Amended Complaint was an employee in SCI Greene's psychology department.

## JURISDICTION & VENUE

3. The Court has federal question jurisdiction under 28 U.S.C. §§ 1331(a) and 1343(a)(3).

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in the Western District of Pennsylvania.

## FACTUAL ALLEGATIONS

**A. Plaintiff's Diagnosed History of Mental Illness**

5. At an early age, Plaintiff began suffering from a mental illness. When Plaintiff was only thirteen, he began experiencing extreme nervousness, blackouts, and migraines. The symptoms then progressed with age.

6. Plaintiff's current symptoms include hearing voices in and around his head. These voices constantly laugh at Plaintiff, taunt him, and urge him to commit suicide. These debilitating symptoms persist for weeks, even months, at a time.

7. In 2003, Plaintiff received a medical evaluation at SCI Graterford and was diagnosed with paranoid schizophrenia.

8. Plaintiff had been receiving some form of treatment for his paranoid schizophrenia since that time, including taking prescription medication to ease his symptoms.

9. Currently, at SCI Greene, Plaintiff is no longer receiving any medication to treat his paranoid schizophrenia.

**B. Plaintiff's Initial Meeting with Defendant**

10. On September 7, 2014, Defendant requested to meet with Plaintiff.

11. During the meeting, Defendant asked Plaintiff about his paranoid schizophrenia. Plaintiff replied by describing the disorder as having "troublesome thoughts" and hearing voices in his mind.

12. Defendant responded by telling Plaintiff that his issues are "not a real disorder" and thereafter accusing Plaintiff of fabricating his symptoms in order to receive special treatment from the prison.

**C. Plaintiff's Grievances Against Defendant and Plaintiff's Subsequent Stay In a Restricted Housing Unit Due to A Misconduct Issued by Defendant**

13. Due to the events that occurred in the September 7, 2014 meeting between Plaintiff and Defendant, Plaintiff filed grievances against Defendant on October 16, 2014.

14. All of Plaintiff's grievances against Defendant were ultimately denied.

15. On November 5, 2014, less than a month after Plaintiff had filed grievances against Defendant and about a week before Plaintiff's first parole hearing, Defendant issued Plaintiff a misconduct for allegedly using "inappropriate language" and telling cellmates to worship Satan.

16. This allegation by Defendant has been denied by Plaintiff's cellmates, who claim that Plaintiff "did not make threats" against any of their lives or threaten them "to worship Satan as [Defendant] says [Plaintiff] did."

17. As a result of the misconduct issued by Defendant, Plaintiff was sent to SCI Greene's restricted housing unit.

18. Plaintiff remained in the restricted housing unit for 72 days.

**D.     Plaintiff's Parole Denials**

19. The Commonwealth of Pennsylvania Board of Probation and Parole considers whether inmates "received a clear conduct record" when rendering parole decisions.

20. On November 13, 2015, Plaintiff was denied parole. Among the reasons listed for the board's decision were reports and evaluations, which includes consideration of any misconducts.

21. Upon information and belief, Plaintiff was denied parole as a result of the misconduct issued by defendant.

22. When Plaintiff was denied parole, the parole board noted that it would consider Plaintiff's conduct record in subsequent parole decisions.

23. On April 27, 2015, Plaintiff was again denied parole.

## **COUNT ONE – RETALIATION**

24. Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff engaged in conduct protected by the First Amendment of the United States Constitution by filing grievances against Defendant.

26. Defendant thereafter subjected Plaintiff to adverse action by filing a misconduct against him.

27. The grievances that Plaintiff filed against Defendant were a substantial and/or motivating factor in Defendant's decision to issue Plaintiff a misconduct, which caused Plaintiff to spend 72 days in the restricted housing unit.

WHEREFORE, Plaintiff seeks a declaration that Defendant violated Plaintiff's rights under the First Amendment of the United States Constitution; compensatory damages; punitive damages; attorneys' fees and costs; and any other relief that this Court deems just and proper.

## **COUNT TWO – DENIAL OF MEDICAL TREATMENT**

28. Plaintiff incorporates paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff's paranoid schizophrenia constituted a serious medical need at all times relevant to this action.

30. In addition to the foregoing allegations, the following actions on the part of Defendant constituted deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution:

a. Defendant's repeated refusal to acknowledge the existence of Plaintiff's paranoid schizophrenia and treat the condition accordingly.

b. Defendant's inexcusable delay in obtaining proper medication to alleviate Plaintiff's severe, and potentially harmful, symptoms.

c. Defendant's refusal to grant Plaintiff's reasonable request for special housing arrangements in order to alleviate Plaintiff's symptoms, avoid conflicts with Plaintiff's cellmates, and increase Plaintiff's safety and the safety of those around him.

WHEREFORE, Plaintiff seeks a declaration that Defendant violated Plaintiff's rights under the Eighth Amendment of the United States Constitution; compensatory damages, punitive damages; attorneys' fees and costs; and any other relief that this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial for all issues properly triable before a jury.

Respectfully submitted,

　/s/　Sean J. Donoghue　　　
Sean J. Donoghue (SBN 321357)
Email:　sdonoghue@reedsmith.com
REED SMITH LLP
Reed Smith Centre, 225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone:　+1 412 288 3131
Facsimile:　+1 412 288 3063

　/s/　Kateri Tremblay　　　
Kateri Tremblay (SBN 320466)
Email:　ktremblay@reedsmith.com
REED SMITH LLP
Reed Smith Centre, 225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone:　+1 412 288 3131
Facsimile:　+1 412 288 3063

Dated: January 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2016 I electronically filed the foregoing Amended Complaint via the Court's CM/ECF system, which will send notification of such filing to the following:

Sandra A. Kozlowski
Office of the Attorney General
6th Floor, Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219
skozlowski@attorneygeneral.gov

*Counsel for Defendant*

_/s/   Sean J. Donoghue_____
Sean J. Donoghue
*Counsel for Plaintiff Warren Fahey*